UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 4:07CV11-EHJ

HENRY BASHAM                                                                                         PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                              DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Henry Basham ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be vacated and the matter remanded for further proceedings.

PROCEDURAL HISTORY

On February 21, 2003, Claimant filed application for disability insurance benefits, alleging that he became disabled as of March 3, 2002. After a hearing, Administrative Law Judge Shearer ("ALJ") determined that plaintiff's degenerative disc disease of the lumbar and cervical spine was a severe impairment that prevented him from performing his past relevant work. However, the ALJ further determined that although Mr. Basham could not perform the full range of light work, there remained a significant number of identified jobs he could perform. This became the final decision of the defendant Commissioner when the Appeals Council denied review on November 24, 2006.

1

STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

ARGUMENTS ON THIS APPEAL

Plaintiff contends that the ALJ erred in failing to accord the proper weight to the opinion of his treating physicians. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p. Claimant argues that the ALJ's analysis fails to meet this standard.

Dr. Fulkerson opined that Mr. Basham's pain and short term memory loss would often interfere with attention and concentration, and that he would be able to stand/walk less than two hours in a workday, and that he would be unable to sit less than two hours in a workday. Dr. Fulkerson noted that his patient would need to change positions every fifteen minutes, and that plaintiff's symptoms and/or treatment would require absence from work more than three times a

2

month.  Tr. 274-275.

Dr. Garcia gave a prognosis of fair to good, but opined that poor memory, depression, cervical spondylosis and lumbo-sacral spondylosis symptoms would "constantly" interfere with Mr. Basham's attention and concentration.  He opined that Mr. Basham would not have to lie down at unpredictable intervals during the day, but that he would be able to stand/walk for no more than 20-30 minutes in an eight-hour day, and would be able to sit for no more than 20 minutes in an eight-hour day.  He believed his patient could frequently lift ten pounds and occasionally lift twenty pounds.  Like Dr. Fulkerson, Dr. Garcia opined that impairments or treatment would cause absence from work more than three times each month.  Tr. 354-355.

The ALJ recognized these opinions (and recognized that Drs. Fulkerson and Garcia were treating sources), but rejected the restrictions imposed by these opinions as "extreme and wildly inconsistent with their own findings and treatment."  Tr. 20.  The ALJ noted that treatment had been entirely conservative, that the treating neurosurgeon had limited Mr. Basham to light work, and that the treating pain specialist believed Mr. Basham had the capacity for light to medium work.  The views of the physicians whose treatment was explicitly directed at the degenerative disc disease (pain specialist and neurosurgeon) were very different from those of Drs. Fulkerson and Garcia. There is nothing in the treating records to support the suggestion that Mr. Basham's neck and lower back problems produce the extreme limitations contained in the rejected opinions. To the extent that the treating source opinions address exertional matters (affected by the degenerative disc disease), the Court sees no error.

However, the opinions of Dr. Fulkerson and Dr. Garcia were based on several different impairments.  Of particular note is the matter of plaintiff's mental condition, which is the subject

3

of plaintiff's other argument, which is that substantial evidence fails to support the finding that plaintiff's mental condition does not constitute a severe impairment. Claimant points to the examination of Dr. Gray, performed in May of 2003, which identified memory difficulties. Dr. Gray recorded his impression as Adjustment Disorder with Depressed Mood and Dementia Not Otherwise Specified. Tr. 254.

In July of 2003, Mr. Basham's regular physician (Dr. Garcia) stated that he believed that the memory problems followed from depression. Tr. 391. The ALJ suggested that once the depression was controlled, the memory problems disappeared. Tr. 19. The Court has carefully examined Exhibit 26F, the cited source for this statement, and is unable to find support for it. The July 7, 2003 office note says only "we will try him on Zoloft 50 mg every morning and see how he does." Tr. 391. Dr. Garcia's February 12, 2004 treatment note still shows depression (accompanied by memory loss) despite the continuation of the Zoloft. Tr. 460. Up to and including the dates of the reports of Dr. Garcia and Dr. Murphy, there is nothing to indicate that either the depression, or the attendant memory problems, had ceased to be a problem.

Under these circumstances, and especially in light of the opinions of treating physicians, it was necessary to address the question of whether the memory problems (from whatever source) significantly impinged on Mr. Basham's functional abilities. As the matter was not pursued, remand is necessary for further development of the record.

An order in conformity has this day entered.